HERMINIA CHAPEL DE FIGUEROA y MARIO FIGUEROA DEL ROSARIO, demandantes y apelados, *v.* LA ASAMBLEA MUNICIPAL DE AÑASCO, PUERTO RICO, ETC., demandada y apelante.

No. 6568.—*Sometido:* Enero 15, 1934. *Resuelto:* Enero 23, 1934.

*Bolívar Pagán,* abogado de la apelante; *M. Figueroa del Rosario,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

En un procedimiento de *certiorari* contra la Asamblea Municipal de Añasco la Corte de Distrito de Mayagüez declaró nula cierta ordenanza decretada por dicha asamblea. Esa resolución fué apelada por la asamblea municipal por medio de un abogado. Presentada en este tribunal la transcripción de los autos para la apelación nos piden los apelados que desestimemos el presente recurso porque carecemos de jurisdicción para resolverlo por dos motivos: porque la certificación de los autos que se nos ha presentado, librada por

el secretario de la corte de distrito, es nula por no haber pagado la asamblea apelante los derechos correspondientes al secretario de acuerdo con la Ley No. 17 de 1915, pág. 45; y porque también es nula la apelación interpuesta porque no existe acuerdo alguno de la asamblea municipal autorizando al abogado para su interposición.

■ Si bien es cierto que la ley citada de 1915 dispone que se pagarán en las causas civiles en las cortes de distrito y en las municipales en sellos de rentas internas determinados derechos por las certificaciones que libren los secretarios de ellas, tal ley no tiene aplicación a casos como el presente porque la Resolución Conjunta No. 10 de 11 de abril de 1933, pág. 641, vigente desde esa fecha, dispone que los municipios de Puerto Rico y el Gobierno de la Capital tendrán derecho a los servicios de todos los funcionarios judiciales del Gobierno de esta Isla sin necesidad de pagar derecho alguno y que quedarán exentos del pago de derechos por radicación de pleitos, certificaciones, servicios taquigráficos y otros que regularmente se imponen a todos los litigantes a virtud de leyes existentes. Por consiguiente, estando constituído cada municipio por su asamblea municipal y por su junta administrativa resulta claro que la asamblea municipal de Añasco está exenta de pagar los derechos del secretario, por lo que no es nula la presentada en este caso sin que ellos hayan sido satisfechos.

■ Con respecto al segundo motivo dicen los apelados que el abogado que apeló en nombre de la asamblea municipal nò tenía facultad para interponer la apelación porque no existió acuerdo previo de la asamblea municipal, según demuestra, autorizando la interposición de ese recurso y porque no puede argüirse que estaba autorizado porque venía representando a la demandada en el pleito, ya que la regla es que la autoridad del abogado cesa con la sentencia y que para apelar se necesita nueva autorización.

Si como dicen los apelados el abogado que interpuso el recurso a nombre de la asamblea municipal venía represen-

tándola en el pleito, entonces la apelación que interpuso es un incidente de su empleo, que incluye hacer todo lo que sea beneficioso para su cliente. 6 C. J. 641, párrafo 146.

*La moción de desestimación de la apelación debe ser declarada sin lugar.*